IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| PAY AS YOU GO, LLC,<br><br>    Plaintiff,<br><br>v.<br><br>T-MOBILE USA, INC.,<br><br>    Defendant. | Case No. 2:23-cv-00462-JRG<br>(LEAD CASE) |

**DEFENDANT T-MOBILE USA, INC.'s ANSWER AND DEFENSES TO PLAINTIFF'S COMPLAINT**

Defendant T-Mobile USA, Inc. ("T-Mobile") submits its Answer and Defenses to Plaintiff Pay As You Go, LLC's ("Plaintiff" or "PAYG") Complaint for Patent Infringement ("Complaint"). T-Mobile denies the allegations and characterizations in Plaintiff's Complaint unless expressly admitted in the following paragraphs.

**NATURE OF ACTION[1]**

1.      T-Mobile does not believe this paragraph requires a response. However, T-Mobile admits that this action purports to be an action for infringement of U.S. Patent No. 7,013,127 under the Patent Laws of the United States. T-MOBILE denies any allegations of infringement.

**THE PARTIES**

2.      T-Mobile lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 2 of the Complaint, and therefore denies those allegations.

---

[1] Headings are provided for convenience only and are not an admission.

1

3.      T-Mobile admits that it is a corporation organized and existing under the laws of the State of Delaware.  T-Mobile admits that it is registered to do business in Texas.  T-Mobile admits that its registered agent for service is The Corporation Service Company.  T-Mobile denies any remaining allegations of paragraph 3.

## JURISDICTION

4.      T-Mobile admits that the Complaint purports to state claims arising under the patent laws of the United States.  T-Mobile denies it has committed any act of infringement.  T-Mobile admits that this Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1338(a).  T-Mobile denies any remaining allegations in Paragraph 4 of the Complaint.

5.      For purposes of this action only, T-Mobile does not contest personal jurisdiction in this District.  T-Mobile admits that it has transacted business in the State of Texas.  T-Mobile denies that it has committed or is committing any acts of infringement in this District or elsewhere.  T-Mobile denies any remaining allegations in Paragraph 5 of the Complaint.

6.      T-Mobile admits that it has advertised products and services in the State of Texas.  T-Mobile denies that it has committed or is committing any acts of infringement in this District or elsewhere.  T-Mobile admits that it has placed products and services into the stream of commerce but denies that any such products or services infringe.  T-Mobile denies any remaining allegations in Paragraph 6 of the Complaint.

7.      T-Mobile denies that it has committed any acts of direct or indirect infringement.  T-Mobile admits that PAYG purports to quote from websites, which websites speak for themselves.  To the extent that PAYG has mischaracterized such content, T-Mobile denies the same. T-Mobile denies any remaining allegations in Paragraph 7 of the Complaint.

## **VENUE**

8. For purposes of this action only, T-Mobile does not contest venue in this District, but T-Mobile denies that venue is convenient. T-Mobile admits that it has a places of business in Frisco, TX. T-Mobile denies any remaining allegations in Paragraph 8 of the Complaint.

## **THE PATENT IN SUIT**

9. T-Mobile admits that U.S. Patent No. 7,013,127 ("the '127 patent") is entitled "Systems and Methods for Employing 'Pay-As-You-Go' Telecommunication Services." T-Mobile admits that the face of the '127 patent purports to have been issued by the U.S. Patent and Trademark Office on March 14, 2006. T-Mobile admits that Plaintiff purports to have attached a copy of the '127 patent to the Complaint as Exhibit 1. T-Mobile lacks knowledge or information sufficient to form a belief about the truth of any remaining allegations in Paragraph 9 of the Complaint, and therefore denies them.

10. T-Mobile admits that the '127 patent purports to have issued from U.S. Patent Application Number 10/337,301, which purports to have been filed on January 7, 2003.

11. T-Mobile lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 11 of the Complaint, and therefore denies them.

12. Denied.

### Overview of the Technology

13. T-Mobile lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 13 of the Complaint, and therefore denies those allegations.

14. T-Mobile admits that Paragraph 14 of the Complaint appears to recite language from the specification of the '127 patent. Otherwise, T-Mobile lacks knowledge or information

sufficient to form a belief about the truth of the allegations in Paragraph 14 of the Complaint, and therefore denies those allegations.

15. T-Mobile lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 15 of the Complaint, and therefore denies those allegations.

16. T-Mobile lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 16 of the Complaint, and therefore denies those allegations.

### The [Alleged] Patented Invention

17. T-Mobile lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 17 of the Complaint, and therefore denies those allegations.

18. Whether the systems and methods in the '127 patent are improvements over conventional systems is a legal conclusion to which no response is required. To the extent a response is required, T-Mobile denies such allegations. T-Mobile lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 18 of the Complaint, and therefore denies those allegations.

19. T-Mobile lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 19 of the Complaint, and therefore denies those allegations.

20. T-Mobile lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 20 of the Complaint, and therefore denies those allegations.

21. T-Mobile lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 21 of the Complaint, and therefore denies those allegations.

22. T-Mobile lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 22 of the Complaint, and therefore denies those allegations.

23. T-Mobile lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 23 of the Complaint, and therefore denies those allegations.

24. T-Mobile lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 24 of the Complaint, and therefore denies those allegations.

**The Claims of the '127 Patent are [Allegedly] Directed to Patentable Subject Matter**

25. The allegations in Paragraph 25 of the Complaint (and the header above Paragraph 25) express legal conclusions and thus no response is required. To the extent that a response is required, T-Mobile denies the allegations in Paragraph 25 (and the header above Paragraph 25) of the Complaint.

**The claimed inventions are [allegedly] directed to solving a problem that existed in conventional telecommunications at the time**

26. The allegations in Paragraph 26 of the Complaint (and the header above Paragraph 26) express legal conclusions and thus no response is required. To the extent that a response is required, T-Mobile denies the allegations in Paragraph 26 (and the header above Paragraph 26) of the Complaint.

**The claimed inventions [allegedly] provide an unconventional solution to that problem**

27. The allegations in Paragraph 27 of the Complaint (and the header above Paragraph 27) express legal conclusions and thus no response is required. To the extent that a response is required, T-Mobile denies the allegations in Paragraph 27 (and the header above Paragraph 27) of the Complaint.

28. The allegations in Paragraph 28 of the Complaint express legal conclusions and thus no response is required. To the extent that a response is required, T-Mobile denies the allegations in Paragraph 28 of the Complaint.

### The claims are [allegedly] not directed to an abstract idea or law of nature

29. The allegations in Paragraph 29 of the Complaint (and the header above Paragraph 27) express legal conclusions and thus no response is required. To the extent that a response is required, T-Mobile denies the allegations in Paragraph 29 (and the header above Paragraph 29) of the Complaint.

30. T-Mobile lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 30 of the Complaint, and therefore denies those allegations.

### The claims [allegedly] do not preempt their field

31. The allegations in Paragraph 31 of the Complaint (and the header above Paragraph 27) express legal conclusions and thus no response is required. To the extent that a response is required, T-Mobile denies the allegations in Paragraph 31 (and the header above Paragraph 31) of the Complaint.

32. T-Mobile lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 32 of the Complaint, and therefore denies those allegations.

### DEFENDANT'S SYSTEM AND SERVICES

33. Admitted.
34. Denied.

35. The allegations in Paragraph 35 of the Complaint express legal conclusions and thus no response is required. To the extent that a response is required, T-Mobile denies the allegations in Paragraph 35 of the Complaint.

36. The allegations in Paragraph 36 of the Complaint express legal conclusions and thus no response is required. To the extent that a response is required, T-Mobile denies the allegations in Paragraph 36 of the Complaint.

37. Denied.

38. T-Mobile lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 38 of the Complaint, and therefore denies those allegations.

39. T-Mobile lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 38 of the Complaint, and therefore denies those allegations.

40. Denied.

### FIRST CAUSE OF ACTION
### ([Alleged] Direct Infringement of the '127 Patent)

41. T-Mobile repeats, realleges, and incorporates by reference, as fully set forth herein, their responses to the allegations set forth in Paragraphs 1 through 40. To the extent that Plaintiff sets forth any new allegations in Paragraph 41, T-Mobile denies the allegations.

42. The allegations in Paragraph 42 of the Complaint express legal conclusions and thus no response is required. To the extent that a response is required, T-Mobile denies the allegations in Paragraph 42 of the Complaint.

43. Denied.

44. Denied.

45. Denied.

46. Denied.

47.   Denied.

48.   Denied.

## T-MOBILE'S GENERAL DENIAL

To the extent that any allegations of the Complaint have not been previously specifically admitted or denied, T-Mobile denies them.

## T-MOBILE'S ADDITIONAL DEFENSES

Pursuant to Federal Rule of Civil Procedure 8(c), T-Mobile, without waiver, limitation, or prejudice, hereby asserts the additional defenses listed below.  T-Mobile reserves the right to amend this Answer to add additional defenses, including allegations of inequitable conduct, and/or any other defenses currently unknown to T-Mobile, as they become known throughout the course of discovery in this action.  Assertion of a defense is not a concession that T-Mobile has the burden of proving the matter asserted.

## FIRST ADDITIONAL DEFENSE

### (Non-Infringement)

T-Mobile does not infringe and has not infringed, under any theory of infringement, including directly (whether individually or jointly) or indirectly (whether contributorily or by inducement), any valid, enforceable claim of the asserted patent, either literally or under the doctrine of equivalents, and have not committed any acts in violation of 35 U.S.C. § 271.

## SECOND ADDITIONAL DEFENSE

### (Invalidity)

Each asserted claim of the asserted patent is invalid for failure to comply with one or more of the requirements of United States Code, Title 35, including, without limitation, 35 U.S.C. §§ 101, 102, 103, and/or 112, and the rules, regulations, and laws pertaining thereto.

## THIRD ADDITIONAL DEFENSE

### (Laches, Estoppel, Waiver, and Unclean Hands)

Plaintiff's attempted enforcement of the asserted patents against T-Mobile is barred by laches, estoppel, waiver, acquiescence, and/or unclean hands.

## FOURTH ADDITIONAL DEFENSE

### (Prosecution History Estoppel)

Plaintiff's claims are barred by the doctrine of prosecution history estoppel and/or disclaimer based on statements, representations, and admissions made during prosecution of the patent applications resulting in the asserted patents.

## FIFTH ADDITIONAL DEFENSE

### (Failure to State a Claim)

Plaintiff's Complaint fails to state a claim upon which relief can be granted.

## SIXTH ADDITIONAL DEFENSE

### (Lack of Standing)

Plaintiff does not have standing to assert the asserted patents against T-Mobile.

## SEVENTH ADDITIONAL DEFENSE

### (Marking)

Any claim for damages by Plaintiff is limited by its failure to mark, including without limitation, to the extent Plaintiff contend there are products covered by the asserted patents,

Plaintiff's failure to mark its own products with the numbers of the asserted patents and/or its failure to require and/or police the marking of Plaintiff's customers and licensees.

## EIGHTH ADDITIONAL DEFENSE

**(Notice, Damages, and Costs)**

Plaintiff's claims for damages are statutorily limited under 35 U.S.C. §§ 286 and 287. Plaintiff is barred from recovering costs in connection with this action under 35 U.S.C. § 288. Plaintiff's claims for relief are limited by the doctrines of full compensation, exhaustion, and/or first sale, and Plaintiff is not entitled to a double recovery.

## NINTH ADDITIONAL DEFENSE

**(Not an Exceptional Case)**

If Plaintiff is entitled to any remedy, Plaintiff is not entitled to a finding that this case is exceptional warranting attorneys' fees under 35 U.S.C. § 285, or pursuant to the Court's inherent power.

## RESERVATION OF ADDITIONAL DEFENSES

T-Mobile reserves the right to assert additional defenses that may surface through discovery in this action.

## PRAYER FOR RELIEF

WHEREFORE, T-Mobile respectfully prays for the following relief:

A.  Judgment against Plaintiff dismissing the Complaint and denying with prejudice all relief requested in Plaintiff's Complaint and its prayer therein;

B.  Judgment against Plaintiff finding that T-Mobile does not infringe, is not liable for any infringement, has not contributed to the infringement of any claim of the Asserted Patent, and/or has not induced others to infringe any claim of any valid and enforceable claim of

       the Asserted Patent;

C.     Judgment against Plaintiff finding that the claims of the Asserted Patent are invalid and/or unenforceable;

D.     Judgment that this case is exceptional under 35 U.S.C. § 285 and an award to T-Mobile of its reasonable costs and expenses of litigation, including, but not limited to, attorneys' fees, costs and expert witness fees;

E.     A judgment in favor of T-Mobile on all of its defenses;

F.     Judgment awarding T-Mobile such other relief as this Court deems just and proper.

Dated: January 8, 2024                                      Respectfully submitted,

                                                             */s/ Melissa R. Smith*
                                                             Melissa R. Smith
                                                             State Bar No. 24001351
                                                             **GILLAM & SMITH, LLP**
                                                             303 South Washington Avenue
                                                             Marshall, Texas 75670
                                                             Telephone: (903) 934-8450
                                                             Facsimile: (903) 934-9257
                                                             Email:  melissa@gillamsmithlaw.com

                                                             ***Attorney for Defendant***
                                                             ***T-Mobile USA, Inc.***

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that counsel of record who are deemed to have consented to electronic services are being served with a copy of this document via the Court's CM/ECF system per Local Rule CV-5(a)(3) on January 8, 2024.

                                                             */s/ Melissa R. Smith*
                                                             Melissa R. Smith